**Opinion filed July 10, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00182-CR

_____

## DAWN JENEA GERON A/K/A DAWN JANAE BENNETT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR27132**

### M E M O R A N D U M   O P I N I O N

Appellant, Dawn Jenea Geron a/k/a Dawn Janae Bennett, entered an open plea of guilty to the first-degree felony offense of aggregated theft from her former employer, Citizens National Bank, in an aggregate amount of $300,000 or more. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2025), § 31.09 (West 2016). Following a hearing on punishment, the trial court assessed Appellant's punishment at fifteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). The record reflects that Appellant knowingly, intelligently, and voluntarily entered an open plea of "guilty," and after which, the trial court conducted a punishment hearing. During the punishment hearing, Troy Keith Clark, the former Executive Vice President of Citizens National Bank, testified that Appellant had embezzled approximately two million dollars from the bank over several years. Texas Ranger Jason Shea testified that his investigation showed that between 2011 and 2018, Appellant and her husband had spent $3.745 million on gambling alone. Former bank employees also testified that Appellant frequently boasted about gambling and appeared to maintain a lifestyle that exceeded what her salary could support.

Appellant admitted she began stealing money from Citizens National Bank around 2011. Appellant testified that, at the time, she had experienced several miscarriages, went through a divorce, met someone new who introduced her to drugs, and had developed drug and gambling addictions. Appellant, who had already been federally convicted on related charges, further testified that she had successfully completed a residential drug and alcohol treatment program while incarcerated and obtained several certifications. Appellant additionally testified that she has maintained employment since her release from federal prison. On cross examination, Appellant acknowledged that she could not recall the exact year the thefts began and agreed that "things weren't right well before 2011." Appellant also admitted that, despite continuously working full time and having no housing expenses following her release from federal custody, she had paid very little restitution since her release. At the conclusion of the punishment hearing, the trial court assessed punishment at fifteen years' imprisonment.

Appellant subsequently acquired new counsel and filed a motion for new trial alleging ineffective assistance of her trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Andrus v. Texas*, 590 U.S. 806, 813 (2020) (per curiam) ("To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him."). Appellant asserted that trial counsel rendered deficient performance by failing to call any witnesses apart from her during punishment despite being aware of the existence of a "material witness," namely, former Citizens National Bank Vice President Loan Officer Donald Ivey, and knowing that Appellant's mother, sister, and family friend had been available to testify.

At a hearing on Appellant's motion for new trial, Ivey testified that he had previously expressed concerns about the bank's balance sheets to the bank president

but his concerns were dismissed without further investigation. Appellant's mother, sister, and family friend each testified that they would have offered favorable character testimony had they been given the opportunity to do so during punishment. Appellant's trial counsel did not testify, and the trial court denied Appellant's motion.

Because the record is silent regarding counsel's reasons for not calling these witnesses during punishment, we must indulge the strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance, including the possibility that counsel's actions were strategic. *Strickland*, 466 U.S. at 689; *Hart v. State*, 667 S.W.3d 774, 782 (Tex. Crim. App. 2023) ("Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." (quoting *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004)).

Accordingly, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1] Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS

July 10, 2026                                     JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.

4